# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7503 | **DATE** | November 2, 2011 |
| **CASE TITLE** | Floyd May (B-17282) v. Sylvia Mahone, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's *in forma pauperis* motion [3] is granted and the initial partial filing fee is waived. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's account in accordance with this order. Plaintiff's motion for appointment of counsel [4] is granted. The Court appoints Jason Randall Pearlman, Hennessy & Roach, 140 South Dearborn St., Suite 520, Chicago, IL 60603, (312) 346-5310, to represent Plaintiff in accordance with counsel's trial bar obligation under Local Rule 83.11(g). Within 30 days of the date of this order, counsel should enter an appearance and inform the Court whether he intends to proceed with the complaint or to file an amended complaint. Plaintiff's motion for an emergency injunction [5] is denied without prejudice to appointed counsel resubmitting a motion, if necessary. The clerk shall mail to counsel a copy of the complaint and motions for IFP status, appointment of counsel, and an emergency injunction.

■ [**For further details see text below.**]                                                       Docketing to mail notices.

## STATEMENT

Plaintiff Floyd May, Stateville Correctional Center inmate B-17282, proceeding *pro se*, has filed this civil rights action against Stateville Drs. Sylvia Mahone and Carter. Plaintiff alleges that he was diagnosed with stage 4 cancer while he was incarcerated at Cook County Jail and that he was obtaining an aggressive chemotherapy treatment at Stroger Hospital when he was transferred to Stateville. Plaintiff acknowledges that the Defendants have provided medical care for him after his arrival at Stateville, but allegedly, they allowed Plaintiff to miss several chemotherapy treatments in September 2011; refused to rush him to an emergency room when he had a high fever; and have not provided any treatments for him in October 2011. Plaintiff seeks compensatory damages, as well as injunctive relief. He also seeks: an emergency injunction to ensure that he continues receiving treatment, to file his complaint *in forma pauperis*, and the appointment of counsel.

The Court grants Plaintiff *in forma pauperis* ("IFP") status and waives the initial partial filing fee. Although Plaintiff's IFP motion neither is on the court's form nor includes a completed certificate section, it is clear from his trust fund account statement and motion that he is unable to prepay the filing fee or an initial partial filing fee. The trust fund officer at Plaintiff's place of confinement is authorized to collect monthly payments from Plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Stateville officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another facility.

**(CONTINUED)**

isk

**STATEMENT (continued)**

Preliminary review of the complaint's allegations described above, *see* 28 U.S.C. § 1915A, indicates that Plaintiff states colorable claims against the Defendants. Plaintiff alleges an objectively serious medical condition, as well as deliberate indifference with some of his medical issues and with the continuation of treatment after September 2011. *See Hayes v. Snyder*, 546 F.3d 516, 522-24 (7th Cir. 2008). The clerk shall thus issue summonses for Stateville Drs. Carter and Sylvia Mahone.

Given the nature of Plaintiff's claims, the Court appoints counsel. Jason Randall Pearlman, Hennessy & Roach, 140 South Dearborn St., Suite 520, Chicago, IL 60603, (312) 346-5310, is appointed to represent Plaintiff in accordance with counsel's trial bar obligation under Local Rule 83.11(g). Within 30 days of the date of this order, counsel should enter an appearance and inform the Court whether he intends to proceed with the current complaint or file an amended complaint, if he is able to do so under Fed. R. Civ. P. 11(b).

Plaintiff's motion for an emergency injunction is denied. Although Plaintiff states in his motion that Defendants discontinued chemotherapy treatments after Plaintiff's transfer to Stateville in September, (Doc. #5 at 2), his complaint states that he missed treatment for only one day and that he received it the following four days. (Complaint at 5.) Plaintiff has not made a "clear showing" that he is entitled to a preliminary injunction. *Christian Legal Soc. v. Walker*, 453 F.3d 853, 870 (7th Cir.2006); *see also Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir.1999) (setting out the five-factor standard for a preliminary injunction). Although Plaintiff's current pleadings indicate that doctors at Stateville are aware of his condition and are providing medical attention such that an injunction is not now necessary, Plaintiff's counsel may seek to file a motion for such relief if necessary at a later stage of this case.

The clerk shall issue summonses for service of the complaint on Stateville Doctors Carter and Sylvia Mahone. The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary to serve them shall be sent by the Marshal to counsel for Plaintiff. Failure to complete and return the forms may result in the dismissal of the claims against the Defendants. The Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by the Plaintiff, Stateville officials shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Documentation of the address shall be retained only by the Marshal, and shall neither be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If unable to obtain waivers, the Marshal shall attempt personal service.